UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ELIZABETH R. CARTER, as Personal Representative of the Estate of Frances E. P. Roper,<br><br>Plaintiff<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | Case No. 5:18-cv-01380-HNJ |

## MEMORANDUM OPINION AND ORDER

Plaintiff Elizabeth R. Carter filed a Motion for Relief from Final Judgment pursuant to Federal Rules of Civil Procedure 59 and 60(b)(2). (Doc. 33). Plaintiff did not satisfy the requirements of Rules 59 and 60, and the evidence does not support her argument that the court should dismiss this case without prejudice. Thus, the court **DENIES** Plaintiff's motion.

### STANDARDS OF REVIEW

*Rule 59*

Plaintiff does not specify which subdivision of Rule 59 serves as the foundation of her motion, but because she is seeking relief from this court's ruling on a pre-trial dispositive motion, rather than a judgment following trial, she can only rely upon Rule

59(e). The text of Rule 59(e) does not set forth specific grounds for relief,[1] and the decision to alter or amend the judgment is committed to the sound discretion of the district court. *American Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *U.S. v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (alteration supplied) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040 (2007)) (additional quotation marks and citation omitted in original). In contrast, Rule 59(e) may "'not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Furthermore, a court should not amend or alter a judgment if doing so would serve no useful purpose. 11 Wright, Miller & Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995).

*Rule 60(b)(2)*

Rule 60(b)(2) permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" as a result of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new

---

[1] The text of the rule states only: "A motion to alter or amend a judgment must be filedd no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

2

trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To prevail, the movant must satisfy a five-part test:

> (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result.

*Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003) (citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)). Because "[f]inality is a virtue in the law, '"[a] motion for a new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met."' *Waddell,* 329 F.3d at 1309 (quoting *Toole*, 235 F.3d at 1316).

## ANALYSIS

### I. Carter Does Not Meet The Threshold Requirements Of Either Rule 59(e) Or Rule 60(b)(2)

Carter filed her Motion based upon a letter she received from the IRS on June 17, 2019, 53 days *before* this court entered judgment on August 9, 2019. She does not offer any explanation for failing to present the letter to the court prior to the entry of judgment. Therefore, Rule 59(e) does not provide any relief to her. *See Wilchombe,* 555 F.3d at 957 (holding that a party may not rely upon Rule 59(e) to "present arguments or evidence that could have been raised prior to judgment"); *id.* at 959 ("Denial of a motion to amend is especially soundly exercised' when a party gives no reason for not

3

previously raising an issue." (quoting *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992))).

In addition, Rule 60(b)(2) provides relief only when new evidence "could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Rule 59(b) addresses motions for a new trial, which Carter did not file. Rather, she filed a motion to alter or amend a judgment pursuant to Rule 59(e). Therefore, Rule 60(b)(2) does not offer Carter any relief based upon its express terms.

Furthermore, the deadline for filing a motion under *either* Rule 59(b) *or* (e) is 28 days. Fed. R. Civ. P. 59. Carter filed her Motion for Relief from Final Judgment on September 5, 2019, only 27 days after this court entered judgment on August 9, 2019. As stated previously, Rule 60(b) does not provide relief as a threshold matter when a plaintiff still secures time to file a Rule 59(b) motion. Carter timely filed a Rule 59 motion, so she cannot obtain relief under Rule 60(b).

## II.     Rules 59(e) and 60(b)(2) Do Not Entitle Carter To Relief

Even if Carter satisfied the threshold requirements of Rule 59(e) and Rule 60(b)(2), neither Rule would entitle her to relief. In the August 9, 2019, Memorandum Opinion supporting the entry of Final Judgment, this court determined it did not possess subject matter jurisdiction over Carter's claim for recovery of federal estate taxes pursuant to 28 U.S.C. § 1346(a)(1), because Carter failed to file a timely administrative claim with the IRS pursuant to 26 U.S.C. § 7422(a), and her alleged

4

financial disability did not toll the administrative filing deadline. (Doc. 31, at 9-17). *See* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."); 26 U.S.C. § 6511 ("Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."). Recognizing that some courts might question whether the administrative filing deadline was a jurisdictional or claims processing rule, this court alternatively found that Carter's claim failed on the merits because the IRS correctly calculated the value of the stock at issue. (Doc. 31, at 18-24). Accordingly, this court granted The United States' Motion to Dismiss with prejudice. (*Id.* at 25; doc. 32, at 1).

Carter now argues that the court should amend the dismissal to be without prejudice because she received new information indicating that the IRS has not completed its administrative examination of her claim. Kevin T. Comerford, an attorney with the IRS Estate & Gift Tax division, authored a letter dated June 17, 2019, requesting Carter provide additional information by July 15, 2019, so that he

5

could "proceed with the examination of [her] return and . . . claim for refund." (Doc. 33-1, at 2). According to Carter, Comerford's letter renders this lawsuit premature; therewith, she argues this court lacks subject matter jurisdiction because she has not yet exhausted her administrative remedies with the IRS, and thus, the dismissal for lack of jurisdiction should be without prejudice.

As previously noted, there exists no reason to assess the impact of the June 17 letter because it does not constitute newly discovered evidence. Even if the court did assess the letter, however, it would not entitle Carter to relief under either Rule 59 or Rule 60 because The United States offered unrefuted evidence that the IRS sent the letter in error. Kevin T. Comerford, the letter's author, submitted a declaration in response to Carter's motion, stating, in pertinent part:

> 5. When a suit for refund of federal estate tax has been filed, a code should be entered onto the pertinent IRS transcript of account noting that litigation is pending with respect to the estate tax. The code is intended to place a litigation freeze on the account that alerts various IRS functions of the litigation.
>
> 6. I have examined the IRS transcript of account for the federal estate tax of the Estate of Frances E. P. Roper. The litigation freeze did not appear on the transcript with respect to the refund claim identified in paragraph 4 of this declaration at the time the examination of the refund claim began. If I had been aware that this case had been filed, I would not have proceeded with examining the refund claim identified in paragraph 4 of this declaration. As of September 11, 2019, a pending transaction code was placed on the IRS transcript of account that should place a litigation freeze on the account.

7. While this case is pending, I have been advised that the Estate and Gift Tax Examination function will not proceed with any further examination of the refund claim identified in paragraph 4 of this declaration.

8. If the judgment that has been entered in this case is not disturbed, I have been advised that the Estate and Gift Tax Examination function will discontinue the examination of the refund claim identified in paragraph 4 of this declaration.

(Doc. 35-3, ¶¶ 5-8).

Michael N. Wilcove, a trial attorney in the Department of Justice, Tax Division, Civil Trial Section, Southern Region, also submitted a declaration stating that the IRS referred this action to the Department of Justice for defense on October 23, 2018. (Doc. 35-1, ¶2). That referral divested the IRS of jurisdiction over Carter's claim and conferred jurisdiction on the Department of Justice. Therefore, the IRS did not possess authority to conduct any further review of Carter's claim. *See* 26 U.S.C. § 7122(a) ("The Secretary may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General or his delegate may compromise any such case after reference to the Department of Justice for prosecution or defense.); *see also Slovacek v. United States,* 40 Fed. Cl. 828, 833 (1998) ("[O]nce plaintiffs filed their refund action in court, their case was referred to DOJ, and the authority to settle their case shifted from the IRS to the Attorney General, or her delegate.") (citing 26 U.S.C. § 7122(a))).

The United States' filings clearly demonstrate that Comerford sent the June 17 letter in error. Therefore, the court finds there is no basis for amending its previous judgment.

## CONCLUSION

Based on the foregoing analyses, the court stands by its previous decision to dismiss this case with prejudice. The court therefore **DENIES** Carter's Motion for Relief from Final Judgment.

**DONE** and **ORDERED** this 21st day of October, 2019.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE